ROMEO & JULIETTE LASER HAIR REMOVAL, INC., Plaintiff,

v.

ASSARA I, LLC, et al., Defendants.

No. 08 Civ. 442 (TPG)(FM).

United States District Court,
S.D. New York.

Feb. 5, 2013.

David Kent Fiveson, Claudia Grossman Jaffe, Butler, Fitzgerald & Potter a Professional Corporation, New York, NY, for Plaintiff.

Will Shuman, Will Shuman, Esq., for Defendants.

## MEMORANDUM DECISION AND ORDER

FRANK MAAS, United States Magistrate Judge.

The day before an in-person discovery conference was scheduled to occur in this case, the defendants' counsel, Will Shuman, Esq., submitted a letter to the Court which sought an adjournment of the conference and permission to appear telephonically. In that letter, Mr. Shuman provided the following reason for this request: "On the morning of Friday January 4, 2013, I must appear in a separate action on behalf of the plaintiffs in a trial in a separate city." I denied the request to appear telephonically, but, relying on Mr. Shuman's representation that he had to "appear" in a "trial" taking place in a "separate city," granted the request for an adjournment and directed counsel to contact my chambers to reschedule the conference. (ECF No. 98).

On January 8, 2013, counsel placed a conference call to my Chambers and rescheduled the conference for January 10. After waiting for more than one-half hour for Mr. Shuman to appear at that conference, however, I learned that he was still in Washington D.C., where he resides. Rather than sending the plaintiff's counsel (and her client) home, I permitted Mr. Shuman to appear at the conference by telephone.

When I asked Mr. Shuman why he was not present in my courtroom, he explained

that he mistakenly believed that the conference had been scheduled for the following week. I then asked whether Mr. Shuman had been on trial at the time he indicated in his letter to the Court. He responded, "Yes. I was co-counsel in [a] trial that was occurring in Plattsburgh." (Tr. 3). Mr. Shuman further explained that the trial concerned an emergency eviction action that he "had to make [himself] available for, [and] that [he] did *appear* for." (Tr. 5) (emphasis supplied). When I pressed him for additional details, however, Mr. Shuman began to backtrack, stating that he had, in fact, *not* appeared in court and was not even present in Plattsburgh for the trial. Indeed, Mr. Shuman admitted that he simply needed to be available by telephone to correspond with his co-counsel (his brother) who was handling the case.

Because it was apparent from this colloquy that Mr. Shuman's previous representations—both in the January 2 letter and in response to my questioning during the January 10 conference—were blatantly false, I issued an order directing Mr. Shuman to show cause as to why he should not be sanctioned for making untruthful representations to the Court. (ECF No. 109). On February 1, 2013, I held a hearing in connection with that order, during which Mr. Shuman was afforded an opportunity to explain his conduct. At the hearing, Mr. Shuman did not deny that his statements were misleading, but instead attempted to claim that he had not intended for them to be so.

Although I have considered Mr. Shuman's explanation, I do not accept his representation that the misstatements in his January 2 letter and at the January 10 conference were merely accidental. To the contrary, I find there to be no question that Mr. Shuman's letter intentionally misrepresented his role as "co-counsel" in the

"separate matter" for which he claimed he "must appear." He did so with the aim of convincing the Court to grant an adjournment, which he surely knew would not have been granted had he explained that he merely needed to be available by telephone, rather than to "appear" in court for a trial. To make matters worse, Mr. Shuman's misrepresentations persisted during the January 10 conference, when he initially claimed that he had acted as co-counsel in a trial in Plattsburgh, at which he "did appear." Only upon further questioning did Mr. Shuman finally disclose that he had not appeared at a trial—or any other court proceeding for that matter—in Plattsburgh on the date initially set for the conference. There consequently is no question that Mr. Shuman's statements were both false and misleading. Moreover, because he continued to adhere to the untruthful representations in his letter at the outset of the January 10 conference, Mr. Shuman's conduct cannot be dismissed as unintentional.

██ The question is what should be done. A federal court has a number of inherent powers, including the power to "discipline attorneys who appear before it." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). These powers permit trial judges to "police the conduct of attorneys as officers of the court and to impose sanctions for attorney misconduct." *In re Goldstein,* 430 F.3d 106, 110 (2d Cir.2005) (quotations omitted). Among the conduct that may give rise to such sanctions is the making of false and misleading statements to the Court. *See Ptak Bros. Jewelry, Inc. v. Ptak,* No. 06 Civ. 13732, 2009 WL 807725, at *9 (S.D.N.Y. Mar. 30, 2009) (Chin, J.) (entering default judgment as a sanction for, among other things, attorney misrepresentations to the Court).

Rule 11(c)(3) of the Federal Rules of Civil Procedure further permits the Court to sanction attorneys sua *sponte* if they violate Rule 11(b) by "making false, misleading, improper, or frivolous representations to the court." *Williamson v. Recovery Ltd. Partnership,* 542 F.3d 43, 51 (2d Cir.2008). Although an order to show cause concerning such a violation must "specifically" describe the conduct that violates Rule 11(b), *see* Fed.R.Civ.P. 11(c)(3), and the order in this case arguably failed to do so, Mr. Shuman waived that requirement on the record during the February 1 proceeding.

Since there is clear and convincing evidence that Mr. Shuman made false and misleading statements to the Court, and that he did so in bad faith and with the intent that the Court would rely upon his representations, sanctions are appropriate both under Rule 11 and pursuant to the Court's inherent powers. Rule 11(e)(4) indicates that a sanction should be limited to that which is necessary to deter repetition of the conduct both by the offender and by others similarly situated. Here, for the reasons stated above, as well as those indicated during the February 1 hearing, I have decided to impose a civil monetary penalty, in the amount of $1,000, payable to the Clerk of the Court. Mr. Shuman is directed to file proof that he has made this payment by March 1, 2013.

SO ORDERED.